IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE L. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00128-JPG |
| ) | |
| MADISON COUNTY SHERIFF'S ) | |
| OFFICE, JOHN DOE 1, ) | |
| and JOHN DOE 2, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Bennie L. Thompson, a detainee at Madison County Jail located in Edwardsville, Illinois, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims he was unlawfully arrested and detained by Madison County officers on September 14, 2019. (*Id.* at p. 6). He seeks money damages and release from confinement.[1] (*Id.*).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Release from pretrial confinement is not an available remedy under 42 U.S.C. § 1983. If Plaintiff seeks release, he may file a motion in his pending criminal case or a separate habeas action in state or federal court. *See* 28 U.S.C. §§ 2241, 2254. This Order does not preclude him from doing so.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint: On September 14, 2019, two unknown officers (John Doe 1 and 2) from Madison County Sheriff's Office broke down the side door of Plaintiff's home and entered with their guns drawn. (Doc. 1, p. 6). When Plaintiff asked the officers to state the reason for their warrantless intrusion, Officers Doe 1 and 2 informed Plaintiff that he was under arrest for beating Sue Ann Buchanan. (*Id*.). At the time, Plaintiff was sitting in his living room recliner, and Ms. Buchanan was sitting at the kitchen table. (*Id*.). Ms. Buchanan told the officers that Plaintiff never beat her, and she had no marks on her body. (*Id*.). The officers arrested Plaintiff anyway. (*Id*.). They placed Plaintiff into a police car and transported him to Madison County Jail, where he has been detained ever since. (*Id*.). In the process, the officers left his home unlocked, and "everything" was taken in a burglary. (*Id*.). On December 10, 2019, Plaintiff was assaulted by a convicted felon at the Jail. (*Id*.).

Based on the allegations, the Court designates the following claims in this *pro se* action:

**Count 1:**   Unlawful search and/or seizure claim against Defendants for entering Plaintiff's home without a warrant and arresting him on or around September 14, 2019.

**Count 2:**   Failure-to-protect claim against Defendants for housing Plaintiff near a convicted felon who assaulted him on or around December 10, 2019.

**Count 3:**   Property loss claim against Defendants for causing Plaintiff to lose his possessions in a burglary that followed their arrest of him on or around September 14, 2019.

**Any claim(s) encompassed by the allegations in the Complaint but not addressed herein is/are considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

### Preliminary Dismissal

Plaintiff names the Madison County Sheriff's Office as a defendant. This entity is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of the defendant may represent an attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no such policy or custom. Madison County Sheriff's Office shall be dismissed with prejudice from this action.

### Count 1

The Fourth Amendment protects against all unreasonable searches and seizures and draws a "firm line at the entrance to the house." *Anderson v. City of West Bend Police Dep't*, 774 F. Supp. 2d 925, 939 (E.D. Wis. 2011) (quoting *Payton v. New York*, 445 U.S. 573, 590 (1980)). Absent probable cause and exigent circumstances, "that threshold may not reasonably be crossed without a warrant." *Id*. With that said, the Fourth Amendment does not prohibit "police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid." *Mincey v. Arizona*, 437 U.S. 385, 392 (1978). The "reasonable belief" standard is objective and requires evidence that the "'circumstances as they appeared at the moment of entry would lead a reasonable, experienced law enforcement officer to believe that someone inside the house, apartment, or hotel room required immediate assistance.'" *United States v. Richardson*, 208 F.3d 626, 629 (7th Cir. 2000) (quoting *United States v. Arch*, 7 F.3d 1300, 1303-05 (7th Cir. 1993)). Although Plaintiff alleges that officers entered his home and arrested him without a warrant, Plaintiff does not allege the absence of probable cause, exigent

circumstances, or reasonable belief that someone inside needed immediate assistance. In certain situations, a warrantless home entry is justified. For example, grounds for a warrantless entry may exist where the facts suggest that a crime of domestic violence has occurred, the threat of a crime still exists, or a domestic abuse victim may be in need of aid. *Anderson*, 774 F. Supp. 2d at 939. It is also not atypical for a domestic violence victim to deny an assault when the perpetrator is present. *Hanson v. Wisconsin*, 608 F.3d 335, 337-38 (7th Cir. 2010). Given this, the allegations fall short of suggesting that the officers conducted an unlawful search or arrest simply based on their lack of a warrant. Because the Court cannot infer that the officers also lacked probable cause and exigent circumstances, Count 1 shall be dismissed without prejudice.

## Count 2

Plaintiff's second claim is improperly joined in this action and shall also be dismissed for failure to name a defendant in connection with this claim. The failure-to-protect claim involves events, facts, and legal theories that are unrelated to Counts 1 and 3. It also appears to involve different defendants—though Plaintiff named no one.

District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). At this stage, Count 2 shall be dismissed without prejudice from this action for failure to state any claim for relief against a named defendant. If Plaintiff wishes to pursue this claim against individuals *other than* Officers Doe 1 and 2, he should do so by filing a new case. If he wishes to re-plead this claim against Officers Doe 1 and 2 *in this case*, the claim may still be subject to severance if it is unrelated to Count 1.

Regardless, Count 2 shall be dismissed without prejudice, and the Clerk's office shall be directed to provide Plaintiff with a blank civil rights complaint form for use in preparing a separate suit to pursue this claim, if he wishes to do so.

### Count 3

Plaintiff brings a claim against the defendants for the loss of his personal property in a burglary following their arrest of him on September 14, 2019.  Plaintiff must establish a deprivation of liberty or property without due process of law to pursue a Fourteenth Amendment claim against the defendants. U.S. CONST. amend XIV.  However, if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citations omitted) ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property.").  Count 3 will be dismissed without prejudice to Plaintiff separately pursuing relief in the Illinois Court of Claims.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1)—including **COUNTS 1, 2,** and **3**—is **DISMISSED** without prejudice for failure to state a claim for relief against Defendants.

**IT IS ORDERED** that Defendant **MADISON COUNTY SHERIFF'S OFFICE** is **DISMISSED** with prejudice, and Defendants **JOHN DOE 1** and **JOHN DOE 2** are **DISMISSED** without prejudice from this action.

Plaintiff is **GRANTED** leave to file a First Amended Complaint in this case on or before **June 17, 2020**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or

consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

When preparing his First Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and list the case number for this action (No. 20-cv-00128-JPG) on the first page. If he determines that Counts 1 and 2 should proceed as separate cases, he may file a second complaint addressing Count 2 and insert *no case number*, so that the Clerk's Office will open a new case for this claim—for which Plaintiff will be assessed a filing fee and risk receiving a "strike" if it is dismissed at screening on one of the grounds listed in 28 U.S.C. § 1915(g). The decision of whether to pursue Counts 1 and 2 in the same case or separate actions when filing the First Amended Complaint is Plaintiff's. However, Plaintiff is **WARNED** that improper joinder of claims and parties in the First Amended Complaint filed herein will result in a Court Order severing unrelated claims into new suits, as described herein. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff two blank civil rights complaint forms.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. It is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, whether or not Plaintiff

amends. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/21/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**