IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BENNIE L. THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00128-JPG |
| | ) | |
| **OFFICER JOHN DOE 1,** | ) | |
| **OFFICER JOHN DOE 2,** | ) | |
| **MADISON COUNTY JAIL** | ) | |
| **ADMINISTRATION, and** | ) | |
| **CAPTAIN RIDINGS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed by Plaintiff Bennie L. Thompson. (Doc. 14). Plaintiff is a detainee at Madison County Jail located in Edwardsville, Illinois. He brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his arrest by Madison County Officers John Doe 1 and 2 on September 14, 2019. (*Id*. at 4-5). Following his arrest without a warrant, Plaintiff claims he lost property and faced unconstitutional conditions of confinement at the Madison County Jail. (*Id*.). He seeks money damages. (*Id*.).

The Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture,

1

the factual allegations in the *pro se* amended complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Amended Complaint

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 14, pp. 4-5): On September 14, 2019, Madison County Officers John Doe 1 and John Doe 2 broke into Plaintiff's locked home and arrested him at gunpoint in Cottage Hills, Illinois. (*Id*. at 4). Although they had no warrant, the officers relied on a coerced statement from Sue Buchanan, who reported two days earlier that Plaintiff forcefully covered her mouth. When they entered the home, the officers found Plaintiff sitting in a living room recliner, and they found Sue Buchanan sitting at the kitchen table. Neither individual had a mark on his or her body. The officers nevertheless placed Plaintiff under arrest and took him to the Madison County Jail. (*Id*. at 5). Officers Doe 1 and 2 failed to secure Plaintiff's home at the time of his arrest, and it was subsequently burglarized. (*Id*. at 4). Plaintiff's former defense lawyer and the Jail's Administration refused to provide him with the names of the two arresting officers. At the Jail, Plaintiff was housed alongside several convicted felons. (*Id*.).

Based on the allegations, the Court designates the following claims in the *pro se* Amended Complaint:

> **Count 1:** Unlawful search and/or seizure claim against Defendants for entering Plaintiff's home without a warrant and arresting him on or around September 14, 2019.
>
> **Count 2:** Failure-to-protect claim against Defendants for housing Plaintiff near convicted felons at the Jail.
>
> **Count 3:** Property loss claim against Defendants for causing Plaintiff to lose his possessions in a burglary that followed their arrest of him on or around September 14, 2019.

**Any claim(s) encompassed by the allegations in the Amended Complaint but not addressed herein is/are considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

### Preliminary Dismissals

Plaintiff cannot proceed against Madison County Jail Administration or Captain Ridings. Madison County Jail Administration is not a "person" subject to suit under Section 1983, so this defendant shall be dismissed with prejudice. Captain Ridings is not even mentioned in the statement of claim, so Captain Ridings shall be dismissed without prejudice.

### Count 1

The Fourth Amendment protects against all unreasonable searches and seizures, and it draws a "firm line at the entrance to the house." *Anderson v. City of West Bend Police Dep't*, 774 F. Supp. 2d 925, 939 (E.D. Wis. 2011) (quoting *Payton v. New York*, 445 U.S. 573, 590 (1980)). Absent probable cause and exigent circumstances, "that threshold may not reasonably be crossed without a warrant." *Id*. With that said, the Fourth Amendment does not prohibit "police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid." *Mincey v. Arizona*, 437 U.S. 385, 392 (1978). The "reasonable belief" standard is objective and requires evidence that the "'circumstances as they appeared at the moment of entry would lead a reasonable, experienced law enforcement officer to believe that someone inside the house, apartment, or hotel room required immediate assistance.'" *United States v. Richardson*, 208 F.3d 626, 629 (7th Cir. 2000) (quoting *United States v. Arch*, 7 F.3d 1300, 1303-05 (7th Cir. 1993)). Plaintiff alleges that officers entered his home and arrested him

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

without a warrant, without exigent circumstances, and based on a coerced statement made two days earlier. The allegations, construed liberally, suggest that Officers John Doe 1 and 2 may have violated Plaintiff's Fourth Amendment rights when they entered his locked home and arrested Plaintiff on September 14, 2019. Count 1 will not be dismissed at screening.

### Count 2

Plaintiff's failure-to-protect claim involves events, facts, and legal theories that are unrelated to Counts 1 and 3. Plaintiff complains of unsafe conditions of confinement at the Jail, resulting from his placement near convicted criminals. (Doc. 14, p. 5). He names no defendants in connection with this claim. However, Count 2 does not belong in this action because it arises from events that are unrelated to Plaintiff's arrest. The district court has broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). In the Order Dismissing Complaint, the Court previously dismissed this claim and warned Plaintiff that it would be severed if he reasserted the unrelated claim in the Amended Complaint. He did so anyway. Accordingly, Count 2 shall be severed into a separate case, and Plaintiff may proceed with the claim and pay the additional filing fee for the newly-severed case, if he chooses to proceed. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff can avoid the obligation to pay a filing fee altogether, only by timely advising the Court that he does not wish to proceed with the severed action.

### Count 3

The Court previously dismissed Count 3 without prejudice, and Plaintiff offers no new allegations or reasons for reinstating it. He brings a claim against the defendants for the loss of his personal property in a burglary following his arrest on September 14, 2019. Plaintiff must establish the deprivation of liberty or property without due process of law in order to pursue a

Fourteenth Amendment claim against the defendants. U.S. CONST. amend XIV. Where the state provides an adequate remedy, however, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois offers an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citations omitted). Plaintiff may separately pursue relief for his lost property in the Illinois Court of Claims. Count 3 remains dismissed without prejudice herein.

## Abstention

Although Count 1 survives screening at this stage, it cannot proceed yet. It is unclear whether Plaintiff's related state criminal case remains the subject of ongoing litigation. If so, the federal abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny may require a stay of proceedings. Under the abstention doctrine outlined in *Younger*, a federal court should not interfere with pending state criminal proceedings when they are: "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *See Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citations omitted); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citation omitted).

It is unclear whether the *Younger* abstention precludes Plaintiff from proceeding with Count 1 at this time because it is not clear whether there is an ongoing state criminal case arising from Plaintiff's arrest on September 14, 2019. If so, the proceedings would be considered judicial in nature, implicate important state interests, and offer an opportunity to review the validity of his arrest. Entertaining Count 1 would interfere with the state case, and the Court is unaware of extraordinary circumstances that make abstention inappropriate. As explained in *Gakuba v.*

*O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), Plaintiff's case should be stayed pending final disposition of his criminal proceedings, if his criminal case remains pending. *See also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (If a plaintiff files a "claim relating to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn the conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."). Before staying this case, however, Plaintiff will have an opportunity to show cause why this case should not be stayed pending the outcome of his underlying state criminal case.

## Disposition

**IT IS ORDERED** that **COUNT 2**, which is unrelated to and improperly joined with **COUNTS 1** and **3**, is **SEVERED** into a new case, which shall be captioned: **BENNIE L. THOMPSON, Plaintiff v. JOHN/JANE DOE(S), Unknown Defendant(s)**.

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) Amended Complaint (Doc. 14);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 4);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendant **MADISON COUNTY JAIL ADMINSTRATION** is **DISMISSED** with prejudice, and Defendant **CAPTAIN RIDINGS** is **DISMISSED** without prejudice because the Amended Complaint (Doc. 14) fails to state a claim for relief against these defendants. The Clerk of Court is **DIRECTED** to **TERMINATE** both defendants as parties in CM/ECF.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim for relief. This Order does not preclude Plaintiff from pursuing this claim in the Illinois Court of Claims. However, he should not attempt to reinstate the claim in this action.

The **only claim remaining in this action** is **COUNT 1** against **OFFICERS JOHN DOE 1** and **JOHN DOE 2**. The **MADISON COUNTY SHERIFF** shall be added as a defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying the unknown officers. One the sheriff enters an appearance, the Court will issue further instructions for discovery aimed at identifying these unknown individuals.

The Clerk of Court is **DIRECTED** to **ADD** the **MADISON COUNTY SHERIFF (official capacity only)** as a defendant in CM/ECF and **MODIFY** the case caption as follows: **BENNIE L. THOMPSON, Plaintiff vs. JOHN DOE 1, JOHN DOE 2,** and **MADISON COUNTY SHERIFF (official capacity only), Defendants.**

The Court finds that a **STAY** of this case (**COUNT 1**) may be warranted pursuant to *Younger* abstention doctrine, if Plaintiff's underlying state criminal case arising from his arrest on September 14, 2019, remains pending. Plaintiff does not expressly state that his state criminal case is ongoing. Therefore, the Court will refrain from entering an order staying this case for a short time, in order to allow Plaintiff the opportunity to show cause why the case should not be stayed. If Plaintiff believes the Court's conclusion (*i.e.*, that Count 1 should be stayed pending the outcome of his ongoing criminal case) is in error and the criminal prosecution is not ongoing, he shall have through **NOVEMBER 16, 2020**, to show cause why the action should proceed. Plaintiff is **WARNED** that failure to show cause by that date will result in a stay of this case, and failure to respond to this Order shall result in dismissal of the action for failure to comply with a court order and/or prosecute his claims pursuant to Federal Rule of Civil Procedure 41.

**IT IS ORDERED** that if the case is stayed, Plaintiff is obligated to notify the Court, in writing, when his state criminal proceedings conclude.

The Court will order service upon Defendants **MADISON COUNTY SHERIFF (official capacity only), JOHN DOE 1**, and **JOHN DOE 2**, if appropriate, when Plaintiff responds to the show cause order or when the stay is lifted.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/4/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
