IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNIE L. THOMPSON, #29024, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00128-JPG |
| ) | |
| JOHN DOE 1, ) | |
| JOHN DOE 2, and ) | |
| MADISON COUNTY SHERIFF, ) | |
| ) | |
| Defendants. ) | |

## ORDER LIFTING STAY

**GILBERT, District Judge:**

This matter is before the Court for review of the status of this stayed case. Plaintiff filed the underlying action pursuant to 42 U.S.C. § 1983 on January 31, 2020. In the Complaint, he asserted claims against two unknown Madison County Officers—John Doe 1 and John Doe 2—for constitutional deprivations that occurred in connection with Plaintiff's warrantless arrest in his home on September 14, 2019. (Doc. 1, pp. 4-5). He brought a claim against both officers for an unlawful search and seizure. (*Id.*). The Amended Complaint survived screening pursuant to 28 U.S.C. § 1915A. (Doc. 15).

At the time of screening, Plaintiff's underlying criminal case remained ongoing, so Plaintiff was ordered to show cause why the case should not be stayed until state criminal proceedings concluded. (Doc. 15). In response, Plaintiff confirmed that the criminal case was still pending. (Doc. 19). Therefore, on December 2, 2020, the Court stayed the case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because Plaintiff's related criminal case in *People v. Thompson*, No. 19-CF-3025 ("criminal case"), remained pending. (Doc. 20).

1

Plaintiff was required to provide the Court with regular status reports on the underlying criminal case, each March and September, until the case was resolved. When he failed to file a report in September 2021 and his mail was returned undelivered, Plaintiff was ordered to show cause why this action should not be dismissed. (Doc. 27). He responded to the show cause order on November 9, 2021. (Doc. 28).

There, Plaintiff reports that the criminal case was dismissed after the prosecution determined that "there was no crime committed." (Doc. 28, ¶ 1). The Court has reviewed public records and confirmed that the criminal case is now closed. *See People v. Thompson*, Madison County Case No. 19-CF-3025 (closed May 3, 2021). The State's prosecution having come to an end, this civil matter may now proceed. Accordingly, the stay of this case shall be lifted, and Count 1 shall proceed against John Doe 1 and John Doe 2, once they are properly identified and served with this lawsuit.

## Disposition

**IT IS HEREBY ORDERED** that the Order to Show Cause (Doc. 27) is **DISCHARGED**. The **STAY** of this case is **LIFTED**, and this lawsuit shall now be served on Defendant **MADISON COUNTY SHERIFF** (in his or her official capacity only) and, once identified, **JOHN DOE 1** and **JOHN DOE 2**.

Because Defendant Madison County Sheriff has been named for the sole purpose of identifying the unknown defendants, he/she need only file a notice of appearance in this matter and need not answer or otherwise respond to the Amended Complaint. Once he/she appears, the Court will enter an Initial Scheduling Order with further instructions and deadlines for identifying John Doe 1 and John Doe 2.

The Clerk of Court shall now prepare for **MADISON COUNTY SHERIFF** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 14), the Screening Order (Doc. 15), and this Memorandum and Order to this defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on this Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If this Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 11/10/2021                                       s/ J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**